Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1096 | **DATE** | 11/13/2001 |
| **CASE TITLE** | CORAM HEALTH CARE CORP. vs. MCI WORLDCOM COMMUNICATIONS, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for summary judgment [27-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 16 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FOR DOCKETING 01 NOV 15 AM 9:42 | 11/13/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORAM HEALTH CARE CORP. OF ILLINOIS<br><br>Plaintiff,<br><br>v.<br><br>MCI WORLDCOM COMMUNICATIONS, INC., et al.<br><br>Defendants. | No. 01 C 1096<br><br>Suzanne B. Conlon, Judge |

DOCKETED NOV 16 2001

## MEMORANDUM OPINION AND ORDER

Coram Health Care Corp. of Illinois ("Coram") sues MCI World Communications, Inc., MCI Welfare Plans Committee, MCI Communications Corp., MCI Telecommunications, Inc. (collectively, "MCI"), Aetna U.S. Healthcare of Illinois, Inc., Aetna Life Insurance Co., Aetna Health Management, Inc., and Aetna Health Plans of Illinois, Inc. (collectively, "Aetna") for violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Defendants move for summary judgment.

### BACKGROUND

All facts are undisputed unless otherwise noted. Barbara Zinn was employed in the business markets group at MCI. Zinn participated in an employee health benefits plan ("the plan") with Aetna. Coram provided medical care to Zinn between May 1, 1997 and April 1, 1998. During that time, Coram participated in a vendor agreement with Aetna. Under that agreement, Coram agreed to submit itemized claims for covered medical services within 90 days of the date of service to Aetna.

1



Aetna Life Insurance Co. was the claims administrator under the plan. The plan delegated the administrator "the exclusive direction, authority, responsibility and right to interpret and construe the Plan's terms and to determine all questions of eligibility under the Plan and exercise the fullest discretion permitted by the law regarding Plan Administration." Def. 56.1 Facts at ¶ 21. Under the plan, correspondence regarding payment of medical services was directed to Aetna Health Plans in Virginia. In addition, Aetna Health Plans lists an Illinois address at the end of the vendor agreement. *Id.* at Ex. 1. The parties dispute whether Coram submitted claim forms to Aetna. Defendants claim they have no record of submitted claim forms. *Id.* at ¶ 27. Coram claims to have submitted the forms. Pl. 56.1 Facts at ¶ 7. Coram contends defendants' denied payment of benefits. *Id.* at ¶ 5. Zinn assigned her claims under the plan to Coram. Coram claims a balance due of $37,350. *Id.*

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip*

2

*Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## II. Denial of Benefits under ERISA

A denial of benefits challenged under § 1132(a)(1)(B) is reviewed *de novo* unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When a plan gives the administrator discretionary authority, the appropriate standard of review is the arbitrary and capricious standard. *Mers v. Marriott Int'l Group*, 144 F.3d 1014, 1019 (7th Cir. 1997). Under the arbitrary and capricious standard, "[i]f the administrator makes an informed judgment and articulates an explanation for it that is satisfactory in light of the relevant facts, then the administrator's decision is final." *Cvelbar v. CBI Illinois Inc.*, 106 F.3d 1368, 1379 (7th Cir. 1997). To establish a § 1132(a) violation, Coram must demonstrate: (1) Zinn assigned her benefits rights to Coram; (2) Zinn was a beneficiary of an employee benefits plan; (3) medical services provided to Zinn were covered by the plan; and (4) defendants violated its duty to pay benefits. *Dimensions Medical Ctr. Ltd. v. Aetna Life Ins., Co.*, No. 93 C 6244, 1997 WL 208387, at *3 (N.D. Ill. Apr. 23, 1997).

To succeed under § 1132(a), Coram must demonstrate defendants denied payment under Zinn's benefits plan. Defendants contend Coram never submitted claim forms for reimbursement. Indeed, the undisputed facts demonstrate Coram cannot establish it submitted payment requests. MCI Communications Corp., the plan administrator, delegated claims administration to Aetna Life Insurance Co. Def. 56.1 Facts at ¶ 20. Coram was required to submit itemized claim forms under the vendor agreement within 90 days of the provision of medical service. Def. 56.1 Facts at ¶ 16. Correspondence regarding payment of claims was directed to Aetna Health Plans in Virginia. *Id.* at ¶ 23. Aetna Health Plans is located in Illinois. *Id.* at Ex. 1. Coram's claim forms indicate they were

3

sent to Aetna/Coram Resources Network in Texas. *Id.* at ¶ 38. It is undisputed Aetna is not affiliated with or aware of a company named Aetna/Coram Resources Network. *Id.* at ¶ 39, 52. The plan documents do not contain any reference to Aetna/Coram Resource Network. *Id.* at ¶ 40. Aetna has no record of receiving the claim forms.[1] *Id.* at ¶¶ 27, 44, 49. Upon receipt of a claim form, Aetna issues an explanation of benefits letter to the claimant. *Id.* at ¶ 29. Defendants have no record of sending Zinn a benefits letter. *Id.* at ¶ 31. There is no record evidence defendants denied payment of benefits. Coram does not claim it appealed a denial of benefits. Defendants do not have any record of an administrative grievance or appeal of the purported denial. *Id.* at ¶ 55.

Although Coram admits the foregoing facts, Coram argues defendants received the claim forms. Pl. 56.1 Facts at ¶ 7-8. In support, Coram advances defendants' purported failure to respond to its request for admissions. Coram sent defendants a request for admissions on August 27, 2001. In that request, Coram asked defendants to admit they received the claim forms. The request for admissions was mailed on the day discovery closed in this action. Defendants did not respond to the request for admissions. Thus, Coram contends all facts contained in that request must be deemed admitted.

Fed. R. Civ. P. 36(a) instructs a party must answer a request for admissions within thirty days of service, or the matter is deemed admitted. *See United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). However, Coram sent its request for admissions on the discovery cut-off date. This court's standing order expressly provides discovery must be completed before the discovery closing

---

[1] Coram's denial of this fact is unsupported. Defendants submit the affidavit of Tarleton David Williams, Aetna's in-house counsel, which states Aetna has no record of Coram's claim forms based on his review of Aetna's files and computer records. Def. 56.1 Facts, Ex. 2. Coram claims Williams is not competent to testify to that fact. Coram's conclusory allegation is unconvincing in light of Williams' statement of personal knowledge of the records. *Id.* at ¶ 1.

date set by the court. *See* Local Rule 16.1, Standing Order Establishing Pre-trial Procedures at ¶ 4. "Discovery requested before the closing date, but not scheduled for completion before the discovery closing date, does not comply with this order." *Id.* A request for admissions is a form of discovery. *See* Fed. R. Civ. P. 26(a)(5). Fed. R. Civ. P. 36(a) provides defendants thirty days to respond to a request for admissions. Defendants did not have an opportunity to timely submit their responses within the discovery period. Because Coram's conduct violated this court's standing order, defendants were under no obligation to respond to the request for admissions. *See Fahey v. Creo Products, Inc.*, No. 96 C 5709, 1998 WL 474114, at *2 (N.D. Ill. Aug. 4, 1998) (request for admissions served one day before discovery cut-off was untimely; defendant need not respond); *Biegnaek v. Wilson*, 110 F.R.D. 77 (N.D. Ill. 1986) (same); *Adams v. Budd Co.*, No. 85-566, 1987 WL 56618, at *2 n.1. (N.D. Ind. Feb. 9, 1987) (same); *see also Lastre v. Leonard*, No. 89 C 1784, 1990 WL 37658, at *1 (N.D. Ill. Mar. 21, 1990) (interrogatories filed five days before discovery cut-off were untimely). Indeed, this court granted Coram a 90-day extension of the discovery deadline on June 7, 2001. Despite that extension, Coram failed to timely conduct discovery. Consequently, Coram cannot rely on its untimely request for admissions to defeat summary judgment.

Coram offers nothing more to raise a genuine issue for trial. Coram fails to advance deposition testimony or affidavits to establish Coram sent the claim forms to defendants. Coram advances no evidence to create a genuine issue that defendants received the claim forms. Coram does not submit proof of the purported denial of payments. Coram does not contend it inquired into or appealed defendants' lack of payment. Coram fails to advance evidence on the reason claim forms were purportedly sent to Aetna/Coram Resources Network in Texas. Indeed, Coram readily admits Aetna/Coram Resources Network has no affiliation with defendants. Coram's evidence in

5

opposition to summary judgment consist solely of claim forms, a vendor agreement, and Zinn's medical records.[2]

Coram fails to raise a genuine issue the claim forms were submitted to defendants, the claims were denied, and the reason for the denial. Without more, a reasonable jury could not conclude defendants denied payment to Coram in violation of § 1132(a)(1)(B). Accordingly, summary judgment must be granted.

## CONCLUSION

The motion for summary judgment is granted.

November 13, 2001

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

---

[2] In an order dated September 25, 2001, this court warned Coram about its failure to conduct discovery with due diligence.

6